# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LELAND WATKINS, ) | Case No. 2:15-cv-02446-GMN-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICER FORESBERG, et al, ) | **SCREENING ORDER &** |
| ) | **REPORT & RECOMMENDATION** |
| Defendants. ) | |
| ) | |
| _____ ) | |

Presently before the Court is pro se inmate Plaintiff Leland Watkins's application for leave to proceed *in forma pauperis* (ECF No. 5), filed on May 25, 2015.  The Court previously denied Plaintiff's prior applications to proceed *in forma pauperis* (ECF Nos. 1 and 3) without prejudice. (Order (ECF No. 2); Order (ECF No. 4).)

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  The Court will therefore grant Plaintiff's request to proceed *in forma pauperis.*

**II.    Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (internal quotations and citations omitted).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  As explained below, Plaintiff alleges a civil rights

1

violation under 42 U.S.C. § 1983. A claim under this statute invokes the Court's federal question jurisdiction.

**III.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United*

2

*States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**IV.     Plaintiff's Claims**

Plaintiff's complaint describes an encounter between he and members of the North Las Vegas Police Department (NLVPD). (Compl. (ECF No. 1-1) at 8). Plaintiff alleges that on October 30, 2015, an Officer Foresberg, along with other members of the NLVPD, broke open the door of his apartment. *Id.* Upon entering, they allegedly threw two grenades, fired weapons, and killed his dog. *Id.* Plaintiff further alleges that NLVPD searched his apartment for guns and drugs, but found none. *Id.* at 4. According to Plaintiff, he was never provided with a search warrant or given Miranda warnings, and was taken to jail while the search was still in progress. *Id.* at 8. According to Plaintiff, he was later charged with transportation of schedule 1 and 2 narcotics. *Id.* at 4. Finally, Plaintiff alleges that all his personal property is missing, specifically including a 1997 20-foot recreational vehicle, a 2006 F-150 pick-up truck, and an 18-foot utility trailer. *Id.* at 5.

Based on these allegations, Plaintiff now brings a complaint under 42 U.S.C. § 1983 against Officer Foresberg, the NLVPD, and the State of Nevada for illegal search, lack of evidence, wrongful incarceration, and missing property. Plaintiff also brings a claim for emotional stress. He seeks return of all his property, and $750,000 in compensation.

**1.     42 U.S.C. § 1983 Claims**

To bring a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). However, states are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989),

*superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Further, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiff names Officer Foresberg, the NLVPD, and the state of Nevada as Defendants in this case.  Plaintiff has not alleged that the officers who searched his house were acting under a policy, practice, or custom of any government entity.  The Court will therefore dismiss all § 1983 claims against the state of Nevada and the NLVPD.  However, Plaintiff's claims against Officer Foresberg do satisfy the first requirement of § 1983, as it appears from the complaint that Officer Foresberg was a person acting in his official capacity as a member of the NLVPD.

As for the second requirement of a § 1983 claim, Plaintiff must allege a deprivation of constitutional rights, or a right guaranteed by federal statute.  Section 1983 does not create any substantive rights.  Rather, "it simply acts as an instruction for vindicating federal rights conferred elsewhere." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616 (1979).  Here, Plaintiff's § 1983 claims address the search of his apartment, his arrest, and finally his loss of property.  The Court will address the search and arrest first.

Plaintiff offers a conclusory allegation that the NLVPD search of his apartment and his subsequent arrest were illegal.  His only support for this are that he was not shown a copy of the search warrant and that he was not given a Miranda warning.  Plaintiff does not allege that police did not have a search warrant, or that it was invalid, or that police did not have probable cause for an arrest.  While the Court accepts Plaintiffs allegations that he was not given a Miranda warning for purposes of screening, the failure to Mirandize a suspect by itself does not implicate any constitutional concerns unless the suspect also makes incriminating statements while under custodial interrogation.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  However, Plaintiff does not allege that he made any incriminating statements to police.  Similarly, Plaintiff's allegation that NLVPD did not show him the search warrant does not by itself implicate any constitutional right.  The Court therefore find that Plaintiff's has failed to state any valid § 1983 claim regarding the search of his

4

apartment or his arrest.

As for Plaintiff's other § 1983 claims, he alleges that he is missing all his personal property, and that his dog was killed by NVLPD. Plaintiff does not allege that NLVPD ever took possession of his property, or that they currently possess it, or explain how the property otherwise became missing. Absent further detail from Plaintiff, the Court cannot speculate as to what, if any, constitutional rights he has been deprived of with regard to this missing property. The Court will therefore dismiss his § 1983 claims for unspecified missing property, as well as the truck, trailer and recreational vehicle. The only remaining aspect of Plaintiff's § 1983 claims pertain to his dog.

The Ninth Circuit has recognized that unnecessary destruction of property in the course of executing a warrant is unconstitutional, and that the killing of a person's dog constitutes an unconstitutional destruction of property absent a sufficiently compelling public interest. *See San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 977 (9th Cir. 2005). Destruction of property is unnecessary when "less intrusive, or less destructive, alternatives exist." *Id.* Therefore, construing the complaint liberally and viewing all allegations of fact in the light most favorable to Plaintiff, the shooting and killing of Plaintiff's dog during the search of the apartment implicates Plaintiff's constitutional rights. It also appears, based on the complaint, that Officer Foresberg was acting under color of law during the search. Plaintiff has therefore made a cognizable claim under 42 U.S.C. § 1983 against Officer Foresberg for deprivation of his constitutional rights pertaining to his dog.

### 2. Emotional Stress

The Court construes Plaintiff's claim of "emotional stress" as a claim for intentional infliction of emotional distress. To recover on such a claim, a plaintiff must establish the following: "1) that the defendant's conduct was extreme and outrageous; (2) that the defendant either intended or recklessly disregarded the causing of emotional distress; (3) that the plaintiff actually suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually or proximately caused the distress. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (1983). Assuming all facts alleged in the complaint to be true, Plaintiff could plausibly establish that shooting his dog was an

5

1  extreme or outrageous act, committed intentionally or recklessly.  However, Plaintiff does not allege

2  that he has suffered any emotional distress stemming from Defendants' conduct.  The Court

3  therefore finds that Plaintiff's complaint does not contain sufficient factual matter to state a plausible

4  claim for intentional infliction of emotional distress.  The Court will dismiss this claim.

5  **V.      Conclusion**

6        Upon review, the Court approves Plaintiff's *in forma pauperis* status.  This action may

7  proceed without Plaintiff paying a filing fee.  The Court finds that Plaintiff states a cognizable

8  § 1983 claim against Officer Foresberg for killing his dog, but not against the other named

9  Defendants.  All other § 1983 claims fail to state a claim for which relief can be granted, and the

10  Court recommends these claims be dismissed with leave to amend.  Plaintiff's claim of emotional

11  stress also fails to state a claim for which relief can be granted, and the Court recommends it too be

12  dismissed with leave to amend.  If Plaintiff is given leave to amend, he may amend his original

13  complaint if he believes he can correct the noted deficiencies.

14        If Plaintiff chooses to file an amended complaint, the document must be titled "Amended

15  Complaint."  The amended complaint must contain a short and plain statement describing the date

16  and nature of the incident at issue, the parties involved, and the facts demonstrating that his civil

17  rights were violated.  Although the Federal Rules of Civil Procedure adopt a flexible pleading

18  standard, Plaintiff still must give Defendants fair notice of the reasons Plaintiff claims they violated

19  his civil rights.

20        Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint

21  (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be

22  complete in and of itself without reference to prior pleadings or other documents.  The court cannot

23  refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

24  //

25  //

26  //

27  //

28

1    IT IS THEREFORE ORDERED that Plaintiff's application for leave to proceed *in forma*

2 *pauperis* (ECF No. 5) is GRANTED.  Plaintiff will not be required to pay an initial installment fee

3 and is permitted to maintain this action to conclusion without prepaying fees or costs or giving

4 security for them.  However, under 28 U.S.C. § 1915(b), Plaintiff will be required to make

5 installment payments toward the full $350.00 filing fee when he has funds available.  This order does

6 not extend to the issuance of subpoenas at government expense.

7    IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b), the Clark County Detention

8 Center must pay to the Clerk of the United States District Court, District of Nevada, 20% of the

9 preceding month's deposits to the account of Plaintiff Leland Watkins #5053918, in the months that

10 the account exceeds $10.00, until the $350.00 filing fee has been paid for this case.  If Plaintiff

11 should be transferred and become under the care of the Nevada Department of Corrections, the

12 CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of

13 Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702,

14 indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be

15 deducted from Plaintiff's account.  The Clerk must send a copy of this order to the CCDC

16 Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

17    IT IS FURTHER ORDERED that if this action is dismissed or is otherwise unsuccessful, the

18 full $350.00 filing fee is still due under 28 U.S.C. § 1915.

19    IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF

20 No. 1-1).

21    IT IS RECOMMENDED that all claims against the State of Nevada be DISMISSED without

22 leave to amend as amendment would be futile.

23    IT IS FURTHER RECOMMENDED that all claims against the State of Nevada be

24 DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with

25 leave to amend.

26    IT IS FURTHER RECOMMENDED that the claims against Defendant Officer Foresberg for

27 illegal search, lack of evidence, wrongful incarceration, missing property, and emotional stress be

28

DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses not to file an amended complaint, this case will proceed only on Plaintiff's § 1983 claim against Officer Foresberg for killing his dog.

IT IS FURTHER RECOMMENDED that the court set a deadline for Plaintiff to file an amended complaint.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 25, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge